UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                           Case No. 3:19cr2/MCR

MICHAEL LEE DEPINE
_____/

### DEFENDANT'S MOTION FOR PRETRIAL RELEASE

Pursuant to 18 U.S.C. § 3142(f) and the Court's Order of Detention (ECF No. 8), Defendant, Michael DePine, requests that this Court allow Mr. DePine to be released during the pendency of this action.

### PROCEDURAL HISTORY

Mr. DePine is a 62-year-old United States citizen who has been indicted on four counts related to child pornography and sexual offenses involving a minor, in violation of 18 U.S.C. §§ 2422(b), 2251(a), 2251(e), 2252A(a)(2), 2252(b)(1), 2252A(a)(5)(B), and 2252A(b)(2). (ECF No. 11)

On January 4, 2019, Mr. DePine made his initial appearance before Magistrate Judge Elizabeth M. Timothy. Mr. DePine waived his right to a preliminary hearing and detention hearing. (ECF No. 11) That same date, the Court issued an Order of Detention, stating: "Defendant, after consulting with counsel, waived a detention hearing and his right to a preliminary hearing before the court without prejudice to requesting these hearings at a later date." *Id*. at *1.

After that hearing, on January 15, 2019, the government filed an indictment. (ECF No. 11)  Therefore, the Court no longer must conduct a preliminary hearing in accordance with Federal Rule of Criminal Procedure 5.1(a)(2).  Mr. DePine now requests that the Court consider whether he should be allowed to be released from custody during the pendency of this action.

## ARGUMENT

### I.     The Court Must Consider All Reasonable Alternatives to Detention.

Mr. DePine moves for the Court to hold a hearing and to set conditions of pretrial release.  "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).  Accordingly, the Bail Reform Act provides that a defendant must be released on his or her personal recognizance or an unsecured personal bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).

Under circumstances in which a personal recognizance bond is insufficient, the judicial officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B).  In other words, the Court must consider all

reasonable less restrictive alternatives to detention. *See* 18 U.S.C. § 3142(e). Moreover, conditions set upon release are intended to be preventative and not punitive in nature. *Salerno*, 481 U.S. at 747 (evaluating the legislative history of § 3142).

Here, a presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3)(E) because Mr. DePine has been indicted for an offense involving a minor under 18 U.S.C. §§ 2422 and 2251. Mr. DePine may, however, rebut this presumption in his petition for release through demonstration of factors as enumerated in the Bail Reform Act. *See* 18 U.S.C. § 3142(e)(3).

In determining Mr. DePine's detention and petition for release, the Court should take into account:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending

>     trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

§ 3142(g).

## II. <u>Numerous Factors Rebut the Presumption of Detention and Weigh Against a Finding that No Combination of Conditions Will Reasonably Assure Mr. DePine's Appearance.</u>

Mr. DePine can rebut the presumption of detention because of a variety of facts which demonstrate that there exists a condition or combination of conditions that will reasonably assure his appearance and the safety of any other person and the community. These include the following facts, as well as other facts as may be argued at a hearing on the matter:

### a. The Nature of the Offense.

The nature of the indicted offenses involves a minor complainant. Without in any way attempting to diminish the seriousness of these alleged offenses, Mr. DePine is not charged with a crime of violence, terrorism, or an act involving a firearm, explosive, or destructive device. It also appears that the allegations against

Mr. DePine involve a single individual rather than numerous individuals. Furthermore, it does not appear that the charges against Mr. DePine involve selling or distributing pornography. In light of these factors, the Court can impose sufficient conditions of release to ensure that Mr. DePine will return to Court and will not present as a danger to any other person.

### b. Weight of the Evidence.

"[T]he weight of the evidence is the least important of the various factors" to be considered by the Court in determining whether conditions exist which will reasonably assure the appearance of Mr. DePine. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *see also United States v. Kaplowitz*, 2014 WL 2155231, *5 (S.D. Fla. May 22, 2014)(quoting *Motamedi*). The weight of the evidence is the least important factor because Mr. DePine is presumed to be innocent. *See* 18 U.S.C. § 3142(j). In addition, "'more than evidence of the commission of a serious crime and the fact of a potentially long sentence [are necessary] to support a finding of risk of flight.'" *Kaplowitz, supra*, at *5 (quoting *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988)). Accordingly, the weight of the evidence does not require Mr. DePine to be detained pending trial.

### c. History and Character of the Defendant.

Mr. DePine is 62 years old and has no criminal history. This is his first contact with the criminal justice system. He does not pose a flight or safety risk, and is

instead tied to this community where he has lived since 2014. Until the time of his arrest, he was fully employed at Navy Federal Credit Union and working to secure his eventual retirement. He is the owner of residential real property in Pensacola, Florida. Mr. DePine has retained private counsel to represent him in this matter.

Mr. DePine does not have any history of drug or alcohol abuse.

Mr. DePine is diabetic, and suffers from obesity.

**b. Legal Status at Time of Arrest.**

Mr. DePine was not under any legal supervision (probation, parole, etc.) at the time of his arrest. As noted above, this is Mr. DePine's first arrest. He has an otherwise clear criminal history.

## CONCLUSION

WHEREFORE, Mr. DePine respectfully requests that this Court set this matter for a hearing as soon as is practicable to set appropriate conditions for pretrial release.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

This document complies with the 8,000 word-count limit of Local Rule 7.1(F) because it contains 1,282 words, excluding those portions exempted under Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

I CERTIFY that this document has been filed via CM/ECF on January 21, 2019, for electronic distribution to counsel of record in this action.

                                *s/Charles Wiggins*
                                CHARLES WIGGINS
                                Florida Bar No. 0048021
                                ctw@beggslane.com
                                BEGGS & LANE RLLP
                                501 Commendencia Street
                                Pensacola, Florida 32502
                                Telephone: (850) 432-2451
                                Facsimile: (850) 469-3331
                                Attorneys for Michael Lee DePine