UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 3:19cr2/MCR

MICHAEL LEE DEPINE
_____/

**DEFENDANT'S REPLY IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXPEDITED REVIEW OF ORDER OF RELEASE**

Defendant, Michael DePine, files this reply in opposition to the government's Motion for Expedited Review of Order of Release. (ECF No. 33) Mr. DePine submits that Magistrate Judge Charles J. Kahn, Jr. properly considered all relevant factors under 18 U.S.C. 3142(e) at the detention hearing held on January 29, 2019, and that this Court should similarly find that home detention with GPS location monitoring and other conditions is appropriate under the circumstances in this case.

## PROCEDURAL HISTORY

On January 4, 2019, Mr. DePine was arrested and charged by complaint with violations of 18 U.S.C. §§ 2251(a), 2252A(a)(2) & (5), and 2422(b). (ECF No. 1) Mr. DePine made his initial appearance before the Court and was held without bond. (ECF No. 8)

After that hearing, on January 15, 2019, the government filed an indictment. (ECF No. 11) Mr. DePine then filed a Motion for Pretrial Release on January 21, 2019 (ECF No. 24), to which the government filed an opposition in response. (ECF No. 27) This matter then came for a detention hearing before Magistrate Judge Charles J. Kahn, Jr., on January 29, 2019. (ECF No. 29)

**DETENTION HEARING TESTIMONY**

The government presented the testimony of Detective Jeffrey C. Brown of the Pensacola Police Department at Mr. DePine's detention hearing. Det. Brown first began this investigation after having received an online tip regarding inappropriate communications between Mr. DePine and a witness. 1/29/19 Tr. at 5–7. Based on that information, law enforcement obtained and executed a search warrant on Mr. DePine's residence, from which they seized various computers and digital devices. *Id.* at 23–24. Law enforcement also seized communications between Mr. DePine and the witness, as well as items from the witness's bedroom including a personal journal kept by that witness. *Id.* at 7–8, 31.

Det. Brown conceded that he understood that all photographs seized from Mr. DePine that depicted the minor witness were sent *from* the witness *to* Mr. DePine. *Id.* at 27–28. Det. Brown further acknowledged that the witness stated (1) that she "truly loved" Mr. DePine; (2) that Mr. DePine had "never asked her to do

or made her do anything"; and, (3) that "what happened was her fault." *Id.* at 30. Det. Brown also read from the witness's journal, in which the witness wrote:

> I didn't start developing feelings for Mikey until September 2017 when he came over to watch our dogs the weekend of my swim meet.
>
> Nothing happened that day, but it became clear that Mikey enjoyed seeing me. He'd always look at me, follow my every move with his eyes and smile. I liked the attention but I didn't act on it. Not yet, at least. . . .
>
> Soon I started to fantasize about me and Mikey and ways -- imagining him kissing me, being on top of me, and giving him head. . . .
>
> I knew next time I saw him I needed to make my move. And when he mentioned taking us out on a boat ride, all I could think of is finally getting to show him my feelings.

*Id.* at 32–33.

Mr. DePine presented the testimony of his brother, Joseph DePine. Joseph testified about Mr. DePine's personal, family, and work history, including the facts that (1) Mr. DePine has no criminal history; (2) Mr. DePine was fully employed at Navy Federal Credit Union up until the time of his arrest; and, (3) Mr. DePine suffers from several physical and mental health issues, including morbid obesity, eating disorders, diabetes, and sleep apnea. *Id.* at 43–45, 47–48

The Court considered all relevant factors carefully on the record. *Id.* at 77–80. The Court recognized that Mr. DePine has no criminal history, is in poor health and suffering from depression, and has no evidence of drug or alcohol abuse. *Id.* at 79. Magistrate Judge Kahn further stated that Mr. DePine "is not a

habitual pornographer, is not a habitual child abuser, nor is he an aggressive person. As I mentioned before, he has no criminal history." *Id.* at 80. He concluded:

> As I mentioned before, he has no criminal history. *The bigger issue in this case is if this defendant were not eligible for release on conditions, then I would draw based on my experience the conclusion that no one in this situation could ever be eligible for release on conditions.*
>
> Of course, the law doesn't say that, because if it did, it would probably violate the Constitution, provisions against excessive bail, and that sort of thing. So even in a case like this, which I know to the community and certainly to those that are involved in it -- and I am the father of two girls, grandfather of three -- certainly for those involved in it, it appears horrific and impossible to rectify. I still must apply the law as Congress has passed it, and that is my ruling.

*Id.* at 80–81 (emphasis supplied)

The Court imposed stringent conditions of release as part of Mr. DePine's home confinement with GPS location monitoring. Those conditions included (1) surrendering his passport and not obtaining a new passport; (2) no travel outside of Escambia and Santa Rosa counties; (3) 24-hour-a-day lockdown at his residence with limited exceptions such as meeting with his counsel of record and attending medical appointments; (4) GPS location monitoring; and (5) a prohibition on use of any electronic device which can access the internet. (ECF No. 30)

The government filed the instant motion on January 30, 2019. (ECF No. 33) In its motion, the United States repeats many of the same arguments that were

4

considered by Magistrate Judge Kahn. Mr. DePine now submits the instant response in opposition.

## ARGUMENT

I. **Numerous Factors Show That a Condition or Combination of Conditions Will Reasonably Assure Mr. DePine's Appearance and the Safety of Any Other Person and the Community.**

Both parties elicited numerous facts at the detention hearing that support Mr. DePine's request that he be released pending trial in this case.

**a. Nature of the Offense.**

As to the nature of the offense, Mr. DePine acknowledged the seriousness of the allegations involving a minor and a 62-year-old male. Without diminishing the seriousness of those allegations, Mr. DePine argued that the charges in this case involve a single person rather than numerous individuals. The government has never alleged that Mr. DePine was involved in selling or distributing pornography. Likewise, the government does not allege that Mr. DePine used force or violence during his actions.

Rather, as recognized by Det. Brown during his testimony, this case involves a minor who, by her own words, "fantasize[d]" about Mr. DePine, imagined them together, imagined "giving him head," and "knew next time I saw him I needed to make my move." 1/29/19 Tr. at 32–33. In light of these factors, the Court

recognized that it could impose sufficient conditions of release to ensure that Mr. DePine will return to Court and will not present as a danger to any other person.

**b. Weight of the Evidence.**

Recognizing that "the weight of the evidence is the least important of the various factors" to be considered by the Court in determining whether conditions exist that will reasonably assure the appearance of Mr. DePine, *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985), Mr. DePine respectfully submits that the Court appropriately considered this factor. Indeed, Magistrate Judge Kahn acknowledged that Mr. DePine may present a "colorable jury question" as to the government's charges with regard to the element of enticement. 1/29/19 Tr. at 79.

Pretrial detention is not singularly focused on the weight of the evidence against a defendant. If it were, no defendant would ever be eligible for release pending trial in many of the government's cases. "'[M]ore than evidence of the commission of a serious crime and the fact of a potentially long sentence [are necessary] to support a finding of risk of flight.'" *United States v. Kaplowitz*, 2014 WL 2155231, *5 (S.D. Fla. May 22, 2014) (quoting *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988)).

Accordingly, the weight of the evidence does not require Mr. DePine to be detained pending trial. This factor was fully considered by Magistrate Judge Kahn.

c. **History and Character of the Defendant.**

Mr. DePine is 62 years old. He has no criminal history. He has a myriad of different health complications that would pose practical complications with any attempts to flee the jurisdiction. Mr. DePine has no known proclivities to violence, nor has he displayed any prior conduct of a similar sexual nature.

Mr. DePine has a close relationship with his siblings and his elderly mother. 1/29/19 Tr. at 42–43. In fact, Joseph DePine and Mrs. DePine were staying with Mr. DePine at Mr. DePine's home at the time of Mr. DePine's arrest. *Id*. at 41–42.

Furthermore, Mr. DePine was a long-time volunteer for a fire and rescue agency in Virginia before his employer transferred him to Florida. *Id*. at 44–45. And, until his arrest, he was fully employed with Navy Federal Credit Union.

It is apparent that all of these factors weighed heavily in support of affirming Magistrate Judge Kahn's detention decision.

II. **The Government Fails to Provide Any New or Compelling Arguments in its Most Recent Filing.**

The government has recycled in the instant filing many of the same arguments and hyperbolic characterizations that were raised before and rejected by Magistrate Judge Kahn. For example, the government again accuses Mr. DePine of being "the most egregious of child sexual offenders," Def. Mot. at 9, and continues its repetitive pronouncements of the relative ages of Mr. DePine and the complainant. *Id.* at 11. Although the relative ages of the parties involved are not

in dispute, the government's characterizations of the facts at issue are neither accurate nor sufficient grounds for pretrial detention.

These arguments did not convince Magistrate Judge Kahn, and they are insufficient to convince this Court. The government's request is notable for what it does *not* say. Specifically, the government does not cite any extraneous factors or personal characteristics—such as evidence of Mr. DePine's financial ability to fund sustained flight or even a semblance of prior unlawful conduct—to support its request.

Rather, in an implicit acknowledgment of its scant support for its hold request, the government relies on vague predictions and conjecture. For example, in footnote 2, the government states "it is anticipated that more forensic evidence inculpating the defendant as an offender becomes available with each passing day as a review of his digital media is currently being conducted." Gov.'s Mot. at 7, n.2.

To this point, Mr. DePine notes that he has been held in this case since January 4, 2019. As of the date of this filing, the government has not produced in discovery any further "forensic evidence inculpating the defendant" from his digital media aside from the electronic messages and still photographs provided at the inception of the case (and which, by Det. Brown's own admission, were sent from the minor to Mr. DePine). While Det. Brown alluded to other photographs

8

found as a result of a search warrant, he could not provide any details to substantiate those claims or otherwise tie them to Mr. DePine. 1/29/19 Tr. at 26–27. Those photographs have also not been produced in discovery for analysis by the defense. Mr. DePine submits that the Court should give no weight to the government's unsubstantiated musings on what else could be found at some later date. This Court should require more from the government when it makes a request for pretrial detention.

In sum, Mr. DePine is a 62-year old man in poor health with no criminal history and charged with illegal conduct relating to a single person. As Magistrate Judge Kahn recognized, if someone with no criminal history and charged with the same conduct as Mr. DePine cannot satisfy the rebuttable presumption of 18 U.S.C. 3142(e)(3)(E), then no one can:

> The bigger issue in this case is if this defendant were not eligible for release on conditions, then I would draw based on my experience the conclusion that no one in this situation could ever be eligible for release on conditions.
>
> Of course, the law doesn't say that, because if it did, it would probably violate the Constitution, provisions against excessive bail, and that sort of thing. So even in a case like this . . . I still must apply the law as Congress has passed it, and that is my ruling.

1/29/19 Tr. at 80–81.

## CONCLUSION

WHEREFORE, Mr. DePine respectfully requests that this Court deny the government's request to revoke Magistrate Judge Kahn's Order allowing Mr. DePine to be released pending trial on home detention with GPS location monitoring and other conditions.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

This document complies with the 8,000 word-count limit of Local Rule 7.1(F) because it contains 2,140, excluding those portions exempted under Local Rule 7.1(F).

\* \* \*

# CERTIFICATE OF SERVICE

I CERTIFY that this document has been filed via CM/ECF on February 8, 2019, for electronic distribution to counsel of record in this action.

*/s/ David L. McGee*_____
DAVID L. McGEE
Fla. Bar No.: 220000
dlm@beggslane.com.
sd@beggslane.com
CHARLES WIGGINS
Fla. Bar No. 0048021
ctw@beggslane.com
MATTHEW MASSEY
Fla. Bar No.: 1008337
mpm@beggslane.com
BEGGS & LANE RLLP
501 Commendencia Street
Pensacola, Florida 32502
Telephone: (850) 432-2451
Facsimile: (850) 469-3331
Attorneys for Michael Lee DePine
