IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    Case Number 3:19cr2/MCR

**MICHAEL LEE DEPINE**

_____/

## FACTUAL BASIS FOR GUILTY PLEA

The defendant admits that if this case were to proceed to trial, the government could prove the following facts.

In mid-late December 2018, a Homeland Security Investigations ("HSI") Task Force Officer received Cybertips 44449071, 44294833, and 43204688 from the National Center for Missing and Exploited Children ("NCMEC"). All three of the Cybertips referenced Facebook user accounts attributable to a local minor female and the defendant. NCMEC Cybertip 44449071 reported an incident that began on or about October 8, 2018, and it stated that the minor female and the defendant were messaging each other using Facebook Messenger, and were engaged in illicit sexual activity. The Cybertip revealed that the defendant and the minor female were engaged in explicit sexual communications regarding past sexual acts involving the two of them. This NCMEC Cybertip stated Facebook user "the defendant" utilized IP address 104.62.244.198 (the defendant's true user name has

1

been redacted for purposes of this filing).

NCMEC Cybertip 44294833 reported an incident that took place on or about November 10, 2018, and it stated Facebook user "the defendant" was in possession of certain videos and image(s). The videos showed the minor female touching and rubbing her breasts, rubbing her genital area and using a vibrator to masturbate. The image is the same female looking at a camera, fully nude with her legs spread open and her genital area exposed. The NCEMC Cybertip again stated Facebook user "the defendant" was utilizing IP address 104.62.244.198.

NCMEC Cybertip 43204688 reported an incident that took place on or about November 14, 2018, and it stated that Facebook user "the defendant" was in possession of certain videos and image(s). In several of the images, the minor is posing in various positions that expose her genitals and anus. The NCMEC Cybertip stated Facebook user "the defendant" was utilizing IP address 104.62.244.198.

A review of Facebook records confirmed the defendant as the user of the above noted illicit Facebook account. Moreover, the contents of some of the messages further confirmed the defendant's place of employment as Navy Federal Credit Union as well as his relationship with some of his co-workers that provided access for the relationship the defendant maintained with the minor female. A subpoena to an internet service provider regarding the aforementioned Internet Protocol address confirmed the communications sent/received by the defendant

resolved back to his residence in Pensacola, Florida.

On January 3, 2019, the results of a federal search warrant on the above noted Facebook accounts were received by law enforcement. A preliminary review of the results revealed child pornography of the minor victim possessed by the defendant, amongst other things. There was also evidence of a significant amount of text communications wherein the defendant was engaging the minor with discussions about sexual acts. The child pornography involving the above noted minor victim was produced in a distinguishable bedroom that law enforcement took particular note of during the review.

On January 4, 2019, a federal search warrant was executed at the residence of the defendant. He was not home at the time of the search warrant execution, rather, he was located by law enforcement at Navy Federal Credit Union. During execution of the search warrant, however, it was confirmed that the defendant's bedroom was the bedroom that was utilized to produce the above noted child pornography. Law enforcement interviewed the defendant at Navy Federal Credit Union. Post *Miranda*, he made the following admissions, amongst others, that: (a) he used his residence to engage in illicit sex acts with the minor, (b) he utilized his Lexus to meet with the minor (that is, surreptitiously pick her up from her home to bring her to his residence in the middle of the night undetected), and (c) he produced the child pornography of the minor in his own bedroom. He also admitted to sexual acts that

he engaged in with the victim, and that he knows she is a minor. The victim was interviewed and confirmed the illicit relationship. Evidence was also obtained confirming the defendant was providing the minor with gifts – things such as clothing, intimate apparel, and funds via PayPal.

A criminal complaint was obtained on January 4, 2019. A forensic review of the defendant's digital media confirmed that he was in possession of multiple child pornographic images and videos of the above noted minor victim. This included images and videos saved in distinct electronic folders specifically labeled with the minor female's initials. Moreover, the defendant maintained an internet browser history involving websites wherein the defendant searched for "teens" engaging in sexual acts with adults. All of the images/videos produced and possessed by the defendant were done so on electronic devices that were manufactured outside the state of Florida and transmitted via the internet (and thus travelled in interstate or foreign commerce). The defendant now admits his knowing production and possession of child pornography as charged in the Indictment, which is incorporated herein as true and accurate.

# Elements of the Offenses

## Count Two

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. an actual minor, that is, a real person less than 18 years old, was depicted;
2. the Defendant employed or used or induced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct (e.g. – masturbation, lascivious exhibition of the genitals or pubic area, or other sexual acts); and
3. the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means.

## Count Four

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly possessed, or accessed with intent to view, an item or items of child pornography;
2. the item[s] of child pornography had been transported, shipped or mailed in interstate or foreign commerce or by utilizing such a facility, including by computer or cellular telephone; and
3. when the Defendant possessed the item[s], the Defendant believed the item[s] were or contained child pornography.

_____
DAVID L. McGEE
Attorney for Defendant
Florida Bar No. 220000
BEGGS & LANE RLLP
501 Commendencia Street
Pensacola, Florida 32502
(850) 432-2451

4/5/19
_____
Date

_____
MICHAEL LEE DEPINE
Defendant

4/5/19
_____
Date

LAWRENCE KEEFE
United States Attorney

_____
DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

4/5/19
_____
Date