**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**


UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,      )
                             )
                             )    Case No.: 3:19cr2/MCR
                             )
                             )    Pensacola, Florida
                             )    April 5, 2019
        v.               )    8:39  a.m.
                             )
MICHAEL LEE DEPINE,        )
                             )
        Defendant.      )
_____)


**CHANGE OF PLEA**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS,
UNITED STATES DISTRICT JUDGE
(Pages 1 through 37)


<u>APPEARANCES</u>:

For the Government:      DAVID L. GOLDBERG, ESQUIRE
                        United States Attorney's Office
                        21 East Garden Street
                        Pensacola, Florida  32502

For the Defendant:        DAVID L. MCGEE, ESQUIRE
                        CHARLES T. WIGGINS, ESQUIRE
                        MATTHEW P. MASSEY, ESQUIRE
                        Beggs & Lane
                        501 Commendencia Street
                        Pensacola, Florida  32502

1     **PROCEEDINGS**

2          *(Court called to order; Defendant present with counsel.)*

3          **THE COURT:**  Good morning.  Scheduled this morning we

4     have a re-arraignment for Mr. Michael DePine.

5          Mr. DePine is here this morning with Mr. McGee.  Good

6     morning.

7          **MR. MCGEE:**  Good morning, Your Honor.

8          **THE COURT:**  Also, Mr. Wiggins and Mr. Massey are at

9     defense table for the Government.

10          **MR. WIGGINS:**  Good morning, Your Honor.

11          **MR. MASSEY:**  Good morning, Your Honor.

12          **THE COURT:**  Good morning.

13          For the Government, Mr. Goldberg is here representing

14     the Government, and Agent Bosso is also present.  And from

15     Probation, we have Officer Link also in the courtroom.

16          My understanding, Mr. DePine, is that you wish to

17     change a previously entered plea of not guilty to a plea of

18     guilty on two counts of your indictment, that is Count Two and

19     Count Four.  Is that correct?

20          **MR. MCGEE:**  That is -- that is correct.

21          **THE DEFENDANT:**  Yeah, just -- this is harder than I

22     thought.

23          **THE COURT:**  I'm sure.  And you can be seated.  Thank

24     you.

25          **THE DEFENDANT:**  I beg your pardon?

1      **THE COURT:**  You can be seated.  It's fine if you want
2  to remain seated.

3      **THE DEFENDANT:**  I can stand.  It's just very hard to
4  say this, you know.

5      **THE COURT:**  All right.  So, Mr. DePine, what's going
6  to happen this morning is what I refer to as a re-arraignment.
7  This is an opportunity for you to enter a plea of guilty.
8  That's what I've been told that you are going to do today.

9          And so, the procedure for the re-arraignment is for
10  the Court to explain to you the process for you to enter your
11  plea.  What we're going to be doing today is I'm going to
12  conduct a plea colloquy, which is a discussion that I'll have
13  with you where I'll ask some questions of you to determine that
14  you are alert and intelligent and competent to proceed today.
15  And then I'm going to go over the documents that I believe
16  you've been over with Mr. McGee --

17          **THE DEFENDANT:**  That's correct.

18      **THE COURT:**  -- which is your plea agreement, the
19  supplement for plea agreement and the factual basis for the
20  plea, and I'm going to explain to you the significance of those
21  documents.

22          I'll also be explaining to you your rights that you
23  have in connection with the charge against you and also explain
24  to you very clearly that, if you go forward today and enter a
25  guilty plea, you'll be giving up those rights.  That's part of

1    the process, so you'll need to clearly understand that.

2            And then once I have been through that plea colloquy

3    with you and I've been through the documents with you, I'm

4    going to make certain factual findings that I would need to

5    make in order to accept a guilty plea from you.

6            The things that I have to determine are, first, that

7    you're alert and intelligent such that you understand the

8    nature of the charges against you and you fully appreciate the

9    consequences of entering a plea of guilty to those charges.

10           I also have to determine that your decision to change

11   your plea is one that you've made of your own free will without

12   any pressure or threats, coercion from anyone else.  I also

13   have to determine that you've had the assistance of competent

14   counsel in making that decision, but it has to be your

15   decision.

16           And then, finally, I have to decide that there's a

17   sufficient factual basis to support a plea of guilty and thus a

18   conviction on those two charges.

19           So if I'm able to make those findings after I've had

20   that colloquy with you, I will do so at the end of the

21   proceeding, and then I'm going to ask you if you are ready to

22   enter your plea.

23           If you tell me "Yes," you are ready to enter your

24   plea, I'm going to ask you for your plea.  And if you tell me

25   "Guilty," I'm going to accept that plea, and I'll enter it into

1    the record.  And it would be very unlikely that I would allow

2    you to withdraw your plea after that time.

3         If you tell me "No," you're not ready to enter your

4    plea, you've changed your mind, there's not a problem with

5    that.  We'll just adjourn these proceedings, and your case will

6    move on to a trial.

7         Your trial is now scheduled for April 17th, I believe.

8    And you have waived a jury trial, so your trial is before me

9    right now scheduled -- I believe it's April 17th.  And that's

10   what will occur.  If you don't go forward today with your

11   guilty plea, that's the next step in the process would be a

12   trial.

13        If you do go forward with your guilty plea, the next

14   phase of your case will be your sentencing, and that will be

15   scheduled and that will be before me as well.

16        Do you have any questions before we proceed?

17        **THE DEFENDANT:**  Not that I can think of, Your Honor.

18        **THE COURT:**  Okay.  Do you prefer to stand?  Because

19   you're free to sit.

20        **THE DEFENDANT:**  I don't even know what's the protocol.

21        **THE COURT:**  You can sit, it's fine.  I appreciate

22   that, but you're fine to sit.

23        So, in just a moment, Mr. DePine, I'm going to have

24   you -- you will have to rise again, I apologize.

25            *[Defendant complies.]*

1          I'm going to have you placed under oath. It's very

2    important that you answer the Court's questions truthfully and

3    understand that your failure to answer the Court's questions

4    truthfully this morning could subject you to a separate charge

5    for perjury.

6          Do you understand?

7          **THE DEFENDANT:** Yes, ma'am, I do.

8          **THE COURT:** Thank you. Please raise your right hand

9    to be sworn.

10          *[Defendant sworn.]*

11          You may be seated.

12          *[Defendant seated.]*

13          Thank you.

14          Mr. DePine, if at any time during the proceeding this

15    morning you feel it's necessary to speak to your counsel, all

16    you need to do is let me know that or let Mr. McGee know that,

17    and I'll stop my questioning and give you the time that you

18    need to consult with him.

19          It's very important that you understand everything

20    that's taking place here in the courtroom today and that,

21    again, you fully appreciate the significance of this before you

22    enter your plea, the significance of what's happening.

23          Do you understand?

24          **THE DEFENDANT:** Yes, Your Honor.

25          **THE COURT:** Okay. Let me start with your full name,

1    Mr. DePine.  Your full name, what is your full name?

2              **THE DEFENDANT:**  Michael Lee DePine.

3              **THE COURT:**  How old are you?

4              **THE DEFENDANT:**  62.

5              **THE COURT:**  Before your arrest, where were you living?

6    And I don't need a street address, just the city and state.

7              **THE DEFENDANT:**  Sterling, Virginia.

8              **THE COURT:**  And how long have you lived there?

9              *[Conference between Mr. McGee and the Defendant.]*

10             **THE DEFENDANT:**  Oh, Pensacola.

11             **THE COURT:**  So you resided here?

12             **THE DEFENDANT:**  Yes.

13             **THE COURT:**  So Sterling, Virginia, is that where you

14   previously lived?

15             **THE DEFENDANT:**  Yes, that's -- yeah.  I moved here

16   from Sterling, Virginia.

17             **THE COURT:**  How long did you live here in Pensacola at

18   the time of your arrest?

19             **THE DEFENDANT:**  It will be five years April 16th.

20             **THE COURT:**  And were you employed at the time of your

21   arrest?

22             **THE DEFENDANT:**  My employer terminated my employment

23   the day of my arrest.

24             **THE COURT:**  And where were you working?

25             **THE DEFENDANT:**  Navy Federal Credit Union.

1    **THE COURT:**  And what did you do at Navy Federal Credit

2    Union?

3    **THE DEFENDANT:**  I was a systems programmer on the

4    mainframe computer.

5    **THE COURT:**  And had you worked at Navy Federal the

6    entire time you lived in Pensacola?

7    **THE DEFENDANT:**  Yes, ma'am.

8    **THE COURT:**  Did you relocate to Pensacola for that

9    job?

10   **THE DEFENDANT:**  Yes, the company asked me to relocate

11   along with about 130 of my other colleagues.

12   **THE COURT:**  Tell me a little bit about your

13   educational background.

14   **THE DEFENDANT:**  Well, two years of college,

15   associate's degree in business management.  And then I went to

16   study computers in Springfield, Virginia.  I got an associate's

17   -- I got a degree in computer programming.  And I've been in

18   the computer field ever since.

19   **THE COURT:**  So a four-year degree?

20   **THE DEFENDANT:**  The computer degree?

21   **THE COURT:**  Right.

22   **THE DEFENDANT:**  No.  It was a technical trade school,

23   it was only six-and-a-half months.

24   **THE COURT:**  So vocational training in that field, and

25   you did attain your certification or --

1     **THE DEFENDANT:**  That's correct.

2     **THE COURT:**  Are you married, Mr. DePine?

3     **THE DEFENDANT:**  Divorced.

4     **THE COURT:**  Where were you divorced?

5     **THE DEFENDANT:**  When or --

6     **THE COURT:**  Yes, when.  How long have you been

7     divorced?

8     **THE DEFENDANT:**  I believe the divorce was final in

9     1994.

10     **THE COURT:**  Do you have any children?

11     **THE DEFENDANT:**  No.  She never wanted any.

12     **THE COURT:**  Where is your closest living family?

13     **THE DEFENDANT:**  My mom lives in Meredith, New

14     Hampshire.  My brother, Joe, lives in Scottsdale, Arizona, and

15     my sister lives in Portland, Maine.

16     **THE COURT:**  Have you ever been treated for any type of

17     mental illness or diagnosed with any type of psychiatric

18     disorder and treated for that?

19     **THE DEFENDANT:**  Only that I was diagnosed with having

20     depression.  I was trying to have gastric bypass surgery, and

21     one of the prerequisites of that was to have a psychiatric exam

22     by a psychologist -- I don't know if she was a psychologist or

23     psychiatrist, I don't remember which.  But she wrote up a

24     report on me that indicated I had some form of depression.

25     **THE COURT:**  When was this?

1      **THE DEFENDANT:**  That was in August of last year?

2      **THE COURT:**  Did you receive any treatment for that

3  depression?

4      **THE DEFENDANT:**  No, ma'am.

5      **THE COURT:**  Have you ever been hospitalized as a

6  result of any depression or any type of a mental disorder?

7      **THE DEFENDANT:**  No, Your Honor.

8      **THE COURT:**  In the past 24 hours, have you consumed

9  any type of narcotic medication, consumed any alcohol, or taken

10  anything that might affect your ability to think clearly today?

11      **THE DEFENDANT:**  Just the daily medications they give

12  me out there at the jail.

13      **THE COURT:**  What do you take?

14      **THE DEFENDANT:**  Oh, wow.  There's so many I can't

15  remember.

16      **THE COURT:**  Do you take anything for mental health?

17      **THE DEFENDANT:**  No, ma'am.

18      **THE COURT:**  So these are medications for chronic

19  medical issues you have?  Is it high blood pressure?

20      **THE DEFENDANT:**  Yes, high blood pressure, high

21  cholesterol type 2 diabetes.

22      **THE COURT:**  Did you take your medications today?

23      **THE DEFENDANT:**  They gave them to me before I was

24  transported out here this morning.

25      **THE COURT:**  Mr. DePine, do you feel as though you have

1  a good understanding of why you're here today and what you're

2  here to do?  I recognize you're nervous.  But do you have a

3  good understanding of why you're here?

4           **THE DEFENDANT:**  Yes, Your Honor.

5           **THE COURT:**  Did you meet with Mr. McGee before the

6  proceedings began?

7           **THE DEFENDANT:**  You mean this morning?

8           **THE COURT:**  Yes.

9           **THE DEFENDANT:**  We didn't have a chance.  The

10  transport was running kind of late.

11          **MR. MCGEE:**  We have discussed this, what, two days ago

12  at great length when I went out to the jail.

13          **THE COURT:**  Okay.  Well, I noticed the documents are

14  signed today.

15          **MR. MCGEE:**  Yes, ma'am.

16          **MR. GOLDBERG:**  Your Honor, I think I can clarify for

17  the record.  I provided the documents to Mr. McGee well in

18  advance, a week or two ago, I believe, and then Mr. McGee and I

19  met in the United States Attorney's Office because he requested

20  some modifications.  I made the modifications to appease the

21  Defense request.  They were again provided to Mr. McGee.

22          Mr. McGee, I believe, went out to the jail on Tuesday,

23  which is three days ago, and spent a significant amount of time

24  with Mr. DePine.  And then this morning the documents were

25  signed before Your Honor took the bench.  Mr. DePine did come

1    out and speak with Mr. McGee before Your Honor came out, and

2    that's when the documents were actually executed.  But he has

3    seen them well in advance with Mr. McGee.

4             **THE COURT:**  All right.

5             **MR. MCGEE:**  Yes, I reviewed each of the documents the

6    Court has at great length with Mr. DePine on Tuesday at the

7    Santa Rosa County jail.

8             **THE COURT:**  Thank you.

9             Mr. DePine, do you agree with that statement that Mr.

10   McGee and Mr. Goldberg have just made as far as the time that

11   was spent with you at the jail on Tuesday?

12            **THE DEFENDANT:**  Absolutely, yes.

13            **THE COURT:**  Thank you.

14            Mr. DePine, I'm going to turn to those documents now.

15            Ms. Simms, do you have the originals?

16            **MADAM CLERK SIMMS:**  Yes.

17            **THE COURT:**  Ms. Simms is going to provide you and Mr.

18   McGee with the originals of these three documents.  Again,

19   there's a Plea Agreement, a Supplement to Plea Agreement, and a

20   Factual Basis For Guilty Plea.

21            The first thing I'd ask you to do, please, is to

22   identify your signature on each of the documents.

23            **THE DEFENDANT:**  Yes, Your Honor.

24            **THE COURT:**  And did you sign those documents this

25   morning here in the courtroom?

1      **THE DEFENDANT:**  Just before court began, yes.

2      **THE COURT:**  The documents appear to you to be the same

3   as you saw on Tuesday?

4      **THE DEFENDANT:**  Yes, Your Honor.

5      **THE COURT:**  On Tuesday were the documents read to you

6   word for word or did you read them yourself?  How did you and

7   Mr. McGee go over these documents together?

8      **THE DEFENDANT:**  Mr. McGee brought me copies and

9   allowed me to read them with him.  We went over them together,

10   and he also let me keep a copy, which I still have out there at

11   the jailhouse.

12      **THE COURT:**  And that's as to all three of the

13   documents?

14      **THE DEFENDANT:**  I'm sorry?

15      **THE COURT:**  Is that as to all three of the documents?

16      **THE DEFENDANT:**  Yeah.  I thought there was a fourth

17   one.

18      **MR. MCGEE:**  There was a fourth document that we

19   reviewed that the Government asked us to review which was a

20   waiver of plea in front of the District Court and allow the

21   magistrate to take the plea.  And that is an unnecessary

22   document so it's not included today.

23      **THE COURT:**  Understood.  Thank you.

24      **THE DEFENDANT:**  That was it.

25      **THE COURT:**  All right.  Mr. DePine, in your

1    discussions with Mr. McGee, was he able to answer any questions

2    that you had in regards to the document or this issue of your

3    plea?  Is there anything he was not able to answer for you?

4         **THE DEFENDANT:**  Well, we had a lot of discussion about

5    it, but there's still a lot that I don't fully understand about

6    the charge and, you know, I guess he was explaining the statute

7    to me.  I mean, you have to understand I've never been through

8    this process before, and it's all very new to me, and I feel

9    kind of lost.  But he was explaining the statute, and it seems

10   to me that the statute has a very wide range of offenses that

11   it can cover.

12        I guess, you know, there's guys out there that produce

13   thousands upon thousands of child pornography and market them

14   on the internet for the whole world to see.  I'm on the other

15   end of that spectrum where I took 12 pictures.  I never sold

16   them, and I never uploaded them to any website.  And they were

17   pictures that the young lady requested and encouraged me to

18   take.

19        So I'm just having a hard time understanding the

20   imbalance of how my charge can be lumped in with these other

21   folks that do it for commercial gain, and we were just a couple

22   of kids having fun.  I didn't even realize I was breaking any

23   laws when I took the pictures.

24        **THE COURT:**  Well, you don't have to realize you were

25   breaking the law in order to violate the law here.  You have to

1   know that you're committing the actions that you're committing
2   or taking the actions that you're taking, but you don't have to
3   know that you're violating the law.

4          And for our purposes here today -- I mean, I'm not
5   your lawyer.  So the discussions about the scope of the statute
6   and your feelings about how maybe overly broad it is, that's
7   something that you and Mr. McGee have to discuss and he has to
8   advise you about.

9          For my purposes here today, the charge is a valid
10  charge.  You may not understand it, you may not think that you
11  should be covered by the charge, but it's a valid charge.  And
12  if there's something factual about your case that you or Mr.
13  McGee believes excepts you from that charge, then you shouldn't
14  be pleading guilty.

15         But legally speaking, today you'll have to admit the
16  facts that support this charge, what the Government says you've
17  done in order for me to accept your guilty plea.  Otherwise,
18  you're going to go to trial.  There's only two options for you
19  here.  It's either you proceed with your guilty plea or you go
20  to trial.

21         **THE DEFENDANT:**  I understand that.

22         **THE COURT:**  That's the system.

23         **THE DEFENDANT:**  And he has explained that to me.

24         **THE COURT:**  Right.  And again, your feelings about the
25  statute and whether other people are more guilty than you

1   because their behavior is more egregious in your mind, that

2   really doesn't play into it.  And criminal statutes do cover a

3   breadth of criminal conduct?

4           **THE DEFENDANT:**  But shouldn't the punishment fit the

5   crime?

6           **THE COURT:**  Well, the punishment in your case on Count

7   Two is a punishment that's been decided by the legislative

8   branch, by Congress, in terms of the mandatory minimum.  That

9   is not going to be debatable here.  And I'm sure Mr. McGee has

10  told you this.

11          There are criminal statutes in our criminal code that

12  contain mandatory minimum penalties that Congress has decided

13  that, because of the nature of the crime and the conduct -- or

14  it could be because of the defendant's criminal history in some

15  instances, prior crimes -- that those mandatory minimum

16  penalties are triggered.  And that's a decision by that branch

17  of government that is mandatory and binding on me as a judge.

18  So I have no discretion.

19          I'm sure Mr. McGee has explained this to you.

20          **MR. MCGEE:**  Your Honor, I have discussed that at great

21  length with Mr. DePine.  I've told him that we may end have a

22  Constitutional challenge to the mandatory minimums, but --

23          **THE COURT:**  But there's no guarantee.

24          **MR. MCGEE:**  There is absolutely no guarantee.

25          **THE COURT:**  Those challenges have not been successful

1   in the past.  I'm not telling you you can't challenge them.

2   Mr. McGee is, again, your lawyer, and he'll advise you in that

3   regard.  But that's for another day, not today.

4          So I need for you to be clear about what you're doing

5   today before I accept your plea.  This needs to be something

6   that you have decided to do, that it's your decision.

7          **THE DEFENDANT:**  I understand.

8          **THE COURT:**  And it's not Mr. McGee's.  I'm not

9   suggesting you disregard his advice.  But at the end of the

10  day, it's your decision.  And once you enter your plea, it will

11  be final.

12         Do you still wish to proceed?

13         **THE DEFENDANT:**  Yes, Your Honor.

14         **THE COURT:**  Now, I asked you if Mr. McGee was able to

15  answer your questions.  Was there anything else that you felt,

16  in addition to the breadth of the statute, that you felt he was

17  not able to answer for you?

18         **THE DEFENDANT:**  No.  He's been very thorough in

19  answering all my questions.  And his whole entire firm has done

20  an outstanding job representing me.  But even all of us

21  collectively agree that it just -- it didn't seem like a fair

22  thing based on what I've done versus the other end of the

23  spectrum.  But, like you say, it's out of my control.

24         **THE COURT:**  My concern at this time for purposes of

25  the plea is not the fairness of the law, it's whether the plea

1  is valid under the law as the law exists.

2          **THE DEFENDANT:**  Okay.

3          **THE COURT:**  And so, again, that's why we're having

4  this discussion and we'll go through this procedure this

5  morning so that I can make those findings at the end of the

6  hearing and you can enter your plea, if you choose to do so.

7          So back to the Plea Agreement.  I'm not going to read

8  any of these documents to you word for word.  I'm going to

9  start with the Plea Agreement.  I do want to take note of a few

10  of the provisions in the agreement just to make sure that

11  you're clear on these provisions.  But, again, I won't go

12  through it with you word for word because I'm satisfied that

13  Mr. McGee has done that prior to your signing it today.

14          On page 1 and then carrying over to page 2, there is a

15  statement of the charges that you are here to plead guilty to

16  today, if you do proceed in that fashion, and that's as to

17  Count Two and Count Four.  And then the Government will move to

18  dismiss the remaining counts at the time of your sentencing.

19  Mr. Goldberg has agreed to do that.

20          There's a statement then as to the potential penalties

21  and actually the mandatory penalty that you face in connection

22  with a conviction on those two counts.  The conviction will

23  come following your guilty plea at the time of your sentencing.

24  That's when we adjudicate guilt in federal court.

25          So, as to Count Two, as we just discussed, you face a

mandatory minimum sentence of 15 years up to 30 years, a
mandatory minimum of five years up to a lifetime of
supervision, a fine of up to $250,000, and a $100 special
monetary assessment.

As to Count Four, there is a potential penalty of up
to ten years' imprisonment, a mandatory term of supervision of
five years up to life, again, a fine of up to $250,000, and a
$100 special monetary assessment.

Now, these potentially penalties and the mandatories
are separate as to each of those two counts, which I need to
make sure you understand means the Court could run them
consecutive. I'm not telling you I'm going to do that, but you
need to understand that these are separate penalties as to each
count. Many times the Court runs the counts concurrent.

But as to your plea today, I cannot tell you what your
sentence is going to be. All you know is that you face a
mandatory minimum of 15 years on Count One. That is a given.
That's a definite for you. Other than that, I can't tell you
what your sentence is going to be because your Presentence
Report hasn't been prepared and I haven't heard the arguments
of counsel.

And so, before you enter your plea, that's all you
know. And if you do enter your plea, as I said earlier, I
won't allow you to withdraw it just because you're not happy
with the sentence that you receive at sentencing, because I'm

1    telling you you should have no expectation about what your

2    sentence is going to be other than that mandatory minimum.

3              **THE DEFENDANT:**  I understand, Your Honor.

4              **THE COURT:**  I presume no one has made any promises to

5    you or assurances to you as to what your sentence is going to

6    be.

7              **THE DEFENDANT:**  Certainly not, no.

8              **THE COURT:**  At the bottom of page 2 of your Plea

9    Agreement, Mr. DePine, there's a statement that you are

10   voluntarily pleading guilty to the charges in the indictment --

11   that's Counts Two and Four -- because you are in fact guilty --

12   that's continuing over to page 3 -- you are in fact guilty of

13   those charges.  That's in paragraph C on page 3.

14             Do you agree?

15             *[No response.]*

16             Do you agree?

17             **THE DEFENDANT:**  I'm sorry.  I didn't realize you were

18   asking me a question.  Yes, ma'am, I do agree.

19             **THE COURT:**  All right.  Thank you.

20             On page 4 there's a couple of paragraphs pertaining to

21   sentencing, and there's a statement in regards to the United

22   States Sentencing Guidelines.  Have you and Mr. McGee discussed

23   the Guidelines?

24             **THE DEFENDANT:**  Yes, Your Honor.

25             **THE COURT:**  And you understand that the Guidelines, as

1    contrary to the statute, the Guidelines are not binding on the

2    Court, and so I can impose a sentence above or below the

3    Guidelines in my discretion.  But again, back to that mandatory

4    minimum, I have no discretion in that regard.

5              Do you understand?

6         **THE DEFENDANT:**  Yes, Your Honor.

7         **THE COURT:**  Also, paragraph H on page 4 indicates that

8    both parties, yourself and the Government, reserve the right to

9    advise the Court of your version and the Government's version

10   of the circumstances surrounding the offenses committed by you.

11             Do you recognize that is in your agreement?

12        **THE DEFENDANT:**  Yes, Your Honor.

13        **THE COURT:**  I want to speak a moment about that.

14   While Mr. McGee will be able to make argument to the Court in

15   regards to the circumstances of the offenses and other matters,

16   your history and characteristics and those sorts of things, you

17   will be limited at sentencing in terms of the facts by your

18   factual statement that I'm going to get to in just a moment,

19   the third document.  So you will not be able to come to

20   sentencing and change any of those facts.

21             Do you understand that?

22        **THE DEFENDANT:**  Yes, Your Honor.

23        **THE COURT:**  The Government may provide additional

24   facts at your sentencing.  Do you understand that?

25        **THE DEFENDANT:**  I wasn't aware of that, but I

1    understand it now.

2         **THE COURT:**  Does that change your decision about

3    whether you wish to go forward today?

4         **THE DEFENDANT:**  No.  Proceed.

5         **THE COURT:**  And on page 5, Mr. DePine, paragraph B,

6    there is a statement in regards to what I just said to you that

7    the parties understand and agree that either party may offer

8    additional evidence relevant to sentencing issues.

9         The only thing you can't do is change those facts.

10   You can't deviate from the facts that are in your factual

11   statement.

12        **THE DEFENDANT:**  Okay.

13        **THE COURT:**  Page 6, section 4, there's an agreement

14   that you've made to make restitution to the victim, if

15   applicable.  And I don't know whether that's an issue at this

16   time, but Mr. McGee and you may have discussed that.

17        Is that an issue here?

18        **MR. GOLDBERG:**  Your Honor, we simply don't know at

19   this point.  That's why the Plea Agreement specifically says

20   "if applicable, it will be determined by the Court."  There's

21   no agreement as to the parties, and we'll determine it at

22   sentencing or thereafter.

23        **THE COURT:**  Mr. McGee, have you discussed the issue of

24   restitution with Mr. DePine?

25        **MR. MCGEE:**  Yes, ma'am, I have.  And while we don't

1  believe that restitution is appropriate in this case, he knows

2  that it's an issue for the Court to decide.

3          **THE COURT:**  All right.  Thank you.

4          Mr. DePine, did anyone use any threats or pressure on

5  you or towards you to try to get you to sign this Plea

6  Agreement or any other document here?

7          *[No response.]*

8          Did anyone use any pressure or threats to try to get

9  you to sign these documents?

10         **THE DEFENDANT:**  No, Your Honor.

11         **THE COURT:**  You signed them voluntarily, then?

12         **THE DEFENDANT:**  That's correct.

13         **THE COURT:**  The next document is Supplement to Plea

14  Agreement.  This document states that there is no other

15  agreement between yourself and the United States other than the

16  Plea Agreement that I just went over with you.

17         Is that correct?

18         **THE DEFENDANT:**  Yes, Your Honor.

19         **THE COURT:**  Mr. McGee, can he see the supplement?

20  Could he please see the supplement?  Do you have that?

21         **MR. MCGEE:**  Yes, ma'am.  He's got it in front of him,

22  Your Honor.

23         **THE COURT:**  Also, as part of this Supplement to the

24  Plea Agreement, you have agreed to forfeit your interest of

25  certain property to the United States, that being real property

1    as well as a vehicle and electronic devices.

2              Do you recognize that and understand that?

3         **THE DEFENDANT:**  Here again, I don't fully understand

4    why this is happening.  I didn't have any idea that I would

5    lose my house because of this.

6         **THE COURT:**  Well, my understanding is that the facts

7    in your factual summary or basis that we're going to get to in

8    just a moment is that the crimes were committed in your home.

9         **THE DEFENDANT:**  That's correct.  But I had no idea I

10   was going to lose my home.

11        **THE COURT:**  Again, your knowledge that that was a

12   possibility at the time you were committing the crimes is not

13   relevant.

14        **THE DEFENDANT:**  Well, I'm not an expert in the law,

15   obviously, and I had no idea.

16        **THE COURT:**  Again, for our purposes this morning, I

17   just need to make sure that you understand that you're agreeing

18   to this before we go forward with your plea.

19        **THE DEFENDANT:**  The only item in question is the last

20   item, the Apple iPhone.  That's not my phone.  It was a company

21   phone issued to me by Navy Federal that they allowed me to use

22   for my personal use.

23        **THE COURT:**  Right.  And there may be a third-party

24   issue in terms of their interest in that phone, so it's

25   still --

1        You still have that in evidence?

2        **MR. GOLDBERG:**  Yes, Your Honor.  The Apple iPhone has

3   contraband on it.

4        **THE COURT:**  Right.

5        **MR. GOLDBERG:**  The forfeiture of that item is only his

6   interest in it, and the Government will resolve that issue with

7   his former employer.  It does not adversely impact him

8   otherwise.

9        **THE COURT:**  Right.  And this document says that,

10  Mr. DePine.  You may not have picked up on it, but it states

11  that you agree to forfeit your interest in this property.  To

12  the extent there's a third-party that has an interest in any of

13  this property, that third-party's rights would be adjudicated

14  by the Court at a later time.  Understood?

15       **THE DEFENDANT:**  Okay.

16       **THE COURT:**  Would you please turn to the third

17  document, the Factual Basis For Guilty Plea.  And Mr. DePine,

18  this is a very important document as far as this plea hearing

19  is concerned.  This document, as you've indicated to the Court

20  you have been over yourself and with Mr. McGee, it's a six-page

21  document.

22       It does two things.  First, it outlines or lays out

23  the facts that the Government believes it could prove if your

24  case were to go to trial, essentially what the Government says

25  you've done that makes you guilty of these two offenses.

1    And then at the end of the document, there is a

2 statement of the elements, the legal elements of each of the

3 two offenses, and that is what the Government would have to

4 prove as a legal matter if your case were to go to trial.  And

5 they would have to prove these matters beyond a reasonable

6 doubt based on the facts that are contained in pages 1 through

7 4.

8    And before I can accept your guilty plea, I have to

9 determine that the facts that are contained in pages 1 through

10 4, that they satisfy the legal elements of each of those two

11 offenses on page 5 and 6.

12    Do you understand the significance of this document

13 and what it does?

14    **THE DEFENDANT:**  I believe so.  May I have just a

15 moment?

16    **THE COURT:**  Yes, you may.

17    *[Conference between the Defendant and Mr. McGee.]*

18    **THE DEFENDANT:**  Okay.

19    **THE COURT:**  Do you have any questions or do you need

20 to speak to Mr. McGee any further about the terms "employed

21 used or induced"?

22    **THE DEFENDANT:**  No, Your Honor.  He just clarified for

23 me the question I had.

24    **THE COURT:**  And as to Count Four, any questions about

25 those legal elements?  In other words, what the Government

1   would have to prove in order for you to be found guilty, do you

2   have any questions about those legal elements?

3        **THE DEFENDANT:**  No, Your Honor.

4        **THE COURT:**  Mr. McGee, can you confirm that you have

5   discussed the legal elements of each of these two offenses in

6   depth with Mr. DePine?

7        **MR. MCGEE:**  Yes, ma'am, on more than one occasion.

8        **THE COURT:**  All right.  Thank you.

9        Now, as to the factual information in the document,

10  Mr. DePine, that being on pages 1 through 4, do you agree that

11  you have done what the Government has said you've done as far

12  as your conduct as outlined here?

13       **THE DEFENDANT:**  Let me just re-read it real quick just

14  to make sure.

15       **THE COURT:**  Certainly.

16       **THE DEFENDANT:**  Okay.

17       **THE COURT:**  Have you committed the acts that are

18  outlined in this document?

19       **THE DEFENDANT:**  Well, yes.  I think there's a lot of

20  extenuating circumstances.  But in a nutshell, yes, it's all

21  right here.

22       **THE COURT:**  All right.  Thank you.

23       Understanding that those extenuating circumstances

24  will not affect your plea?  They might be argued to the Court

25  at sentencing, but they will not affect your plea.  Do you

1  understand that?

2       **THE DEFENDANT:**  I understand, yes, Your Honor.

3       **THE COURT:**  And in terms of extenuating circumstances,

4  as I said earlier, you won't be able to change these facts in

5  any way.  You might be able to explain them or sort of give

6  your side of the story and present argument as to what was

7  going on at the time, you know, in your life for you and that

8  sort of thing, and in regards to the minor.  Mr. McGee can make

9  those arguments at sentencing, if he chooses to do so, but you

10  can't change these facts.

11       **THE DEFENDANT:**  Yes, I fully understand.

12       **THE COURT:**  All right.  Now, Mr. DePine, let me speak

13  to you a moment about the rights that you have in connection

14  with these charges.

15       So you entered a not guilty plea initially to the

16  charges, and that's your right, obviously.  And you will

17  maintain that right -- you still have that right today right

18  now as I'm speaking to you.  Up until the point that you

19  actually enter a guilty plea and I accept that guilty plea, you

20  have the right to remain silent and to continue with a not

21  guilty plea.  No one can force to you change your plea from not

22  guilty to guilty.  Again, that's a decision that you and only

23  you can make.

24       I want to make sure that you understand the rights

25  that you have going forward if you don't enter a guilty plea

1  today.  So you do have the right to plead not guilty, to

2  maintain your innocence.  You have the right to require or

3  force the Government to prove its case beyond a reasonable

4  doubt in front of -- in your case it would be the Court, in

5  front of myself, because you've waived your right to a jury

6  trial.

7          In felony cases there's always a right to a jury

8  trial, but the defendant can waive that, and if the Government

9  consents then the case can be tried before the judge.  And

10  that's what happened here.  But you still have the right to

11  require the Government to prove its case beyond a reasonable

12  doubt to the judge as the finder of fact.

13          As part of that trial, obviously, you would have the

14  assistance of counsel, Mr. McGee, to represent you at that

15  trial.  You would have the right to confront and cross-examine

16  any of the Government witnesses who might testify against you.

17          You would also have the right to require persons to

18  appear here at the trial and could actually compel them to take

19  the witness stand and to give testimony under oath.  And you

20  could do that by way of our compulsory subpoena process, and

21  Mr. McGee would assist you in that regard.

22          Likewise, you would have the right to take the witness

23  stand and to testify before the Court in your own defense, to

24  tell the Court your version of the facts, your side of the

25  story, your defense.  To the extent you feel you have a

1    defense, that's something that you would have the right to

2    present.  I'm not telling you that that would be successful,

3    but you certainly would have the right to do that.

4         No one could ever compel you to take the witness

5    stand, however, so you're not required to, as part of any

6    trial, take the witness stand and to testify.  And if you

7    didn't, that would never be anything that I would consider in

8    deciding the verdict in the case.

9         Likewise, you have no requirement to present any

10   evidence at all.  The entire burden rests with the United

11   States Government in any criminal case, and so you would have

12   no obligation to do anything other than to be physically

13   present in the courtroom during the trial.

14        And if you chose not to participate, again, that's not

15   something that I would consider in any way in arriving at the

16   verdict.  I would look solely at the evidence and apply the law

17   to that evidence and then reach my verdict.

18        If you go forward today and you enter a guilty plea,

19   you will be waiving any and all defenses that you might

20   otherwise have to the charges, and you certainly will be giving

21   up your right to a trial and to require the Government to prove

22   your guilt beyond a reasonable doubt because you will be

23   admitting factually and legally your guilt here today if you

24   enter a guilty plea.

25        You will also be giving up your right to appeal any

1    issue related to your guilt because you're here voluntarily,

2    it's your decision to plead guilty, and there's just simply no

3    issue on appeal in regards to that.

4         Now, with that said, you don't give up your right to

5    appeal from your sentence.  Even if you enter a guilty plea,

6    you still maintain that right regardless.

7         Do you understand these rights as I've explained them

8    to you?

9         **THE DEFENDANT:**  Yes, Your Honor.

10        **THE COURT:**  Has Mr. McGee previously discussed them

11   with you?

12        **THE DEFENDANT:**  Not to that great detail, but it's

13   just -- yeah, it's clear.  Thank you.

14        **THE COURT:**  I believe they're outlined in your Plea

15   Agreement as well on page 2 and over to page 3.  Do you feel

16   you would like to look at that again?

17        **THE DEFENDANT:**  No, no, it's fine.  I'm just -- my

18   head is kind of swimming a little bit right now.  It's just all

19   kind of overwhelming.

20        **THE COURT:**  Is there anything about the rights that

21   I've explained to you that you don't understand?

22        **THE DEFENDANT:**  No, Your Honor.

23        **THE COURT:**  Understanding that you'll be waiving these

24   rights or giving them up by going forward with a guilty plea,

25   do you still wish to proceed?

1          **THE DEFENDANT:**  Yes, Your Honor.

2          **THE COURT:**  The Court would direct that the Plea

3    Agreement, Factual Basis For Guilty Plea, and Supplement to

4    Plea Agreement be filed and made a part of the record in

5    Mr. DePine's case.  Of course, the Supplement to Plea Agreement

6    must remain under seal.

7          Mr. McGee, is there anything you'd like to add for the

8    record this morning?

9          **MR. MCGEE:**  Your Honor, just that, as Mr. DePine says,

10   this is an unusual case.  This is not the normal pornography

11   case.  This is a case where the girl involved set out to seduce

12   Mr. DePine and he was --

13         **MR. GOLDBERG:**  Your Honor, I'm going to object.  This

14   is a plea colloquy.

15         **THE COURT:**  Mr. McGee, save this for the sentencing

16   hearing, if you would, please.

17         **MR. MCGEE:**  What I would say is this is a different

18   case, and I would expect to lay those facts out at sentencing.

19         **THE COURT:**  Thank you.

20         Mr. Goldberg, from the Government's standpoint,

21   anything you'd like to add?

22         **MR. GOLDBERG:**  Your Honor, just for purposes of the

23   record so the Defendant is perfectly clear, and it is outlined

24   in the Plea Agreement on top of the penalties Your Honor

25   thoroughly discussed the forfeiture that he has agreed upon in

1  both the Plea Agreement and the Supplement to the Plea

2  Agreement and the potential restitution.  He will also be

3  required to register as a sex offender upon release from

4  imprisonment, and that is a part of the Plea Agreement.

5          **THE COURT:**  It's in his Plea Agreement.

6          **MR. GOLDBERG:**  And I wanted to make sure he knows that

7  because I believe he needs to be advised of that.

8          **THE COURT:**  Thank you.

9          Mr. DePine, Mr. Goldberg is absolutely correct, this

10  is part of your Plea Agreement where you have acknowledged and

11  agreed that, following a conviction, that there would be

12  registration and notification requirements for you.  That's

13  outlined in paragraph I on page 4 and over to page 5.

14          Do you understand that?

15          **THE DEFENDANT:**  Yes, Your Honor.

16          **THE COURT:**  And that's a serious matter and it is

17  important that you understand it because you can be subjected

18  to a completely separate charge and penalty for failure to

19  follow those registration and notification requirements.  Do

20  you understand?

21          **THE DEFENDANT:**  Yes, ma'am.

22          **THE COURT:**  Anything else from either counsel?

23          *[No response.]*

24          Mr. DePine, the time has come for me to make those

25  factual findings that I outlined for you at the beginning of

1    the hearing this morning.  Once I've made those findings,

2    again, I'm going to ask you if you're ready to enter your plea.

3    If you tell me, "Yes," I'm going to ask you for your plea.  And

4    if you tell me "Guilty," I'm going to accept it, and I'll enter

5    it into the record.  And again, it's very unlikely that I would

6    allow you to withdraw it after that time.

7            If you tell me "No," you're not ready to enter the

8    plea, or you've changed your mind and don't want to go forward

9    with a guilty plea, there's no problem with that.  I'll adjourn

10   these proceedings, and your case will move on to trial, which

11   will be April 17th here before me.

12           Do you understand?

13           **THE DEFENDANT:**  Yes, Your Honor.

14           **THE COURT:**  If you would, please rise.

15           **THE DEFENDANT:**  I beg your pardon?

16           **THE COURT:**  Would you please rise.

17           *[Defendant complies.]*

18           Mr. DePine, at this time, I do make the following

19   factual findings based on my discussions with you here in the

20   courtroom as well as my observations of you and your demeanor

21   here in the courtroom.

22           Can you hear me?

23           **THE DEFENDANT:**  Yes, ma'am.

24           **THE COURT:**  All right.  At this time, Mr. DePine, I do

25   find that you're alert and intelligent such that you understand

1    the nature of the charges against you in the indictment and

2    that you fully appreciate the consequences of entering a guilty

3    plea to Counts Two and four.

4              I also find that your decision to do so is one that

5    you've made of your own free will after consulting with

6    competent counsel.

7              And let me pause a moment and ask you one additional

8    question.

9              Have you been satisfied -- I believe I know the answer

10   to this question based on other comments you've made.  Are you

11   satisfied with the representation that Mr. McGee has provided

12   to you in this case?

13             **THE DEFENDANT:**  I believe Mr. McGee and his firm have

14   done an outstanding job, yes.

15             **THE COURT:**  So you've had the assistance of competent

16   counsel with whom you've told the Court you are well satisfied.

17             And also at this time I do find that the facts that

18   the Government is prepared to prove and those facts that you

19   have admitted here today under oath as being true and as

20   outlined in your Factual Basis For Guilty Plea, those facts are

21   sufficient to support a plea of guilty and thus a conviction on

22   each of the two counts, Count Two and Count Four of your

23   indictment.  Of course, at sentencing, as has already been

24   discussed, the Government will move to dismiss the remaining

25   counts.  So today for your purposes it's Count Two and Count

1   Four.

2          I'm ready to accept your plea with those findings

3   made.  Are you ready to enter it?

4          **THE DEFENDANT:**  Yes, Your Honor.

5          **THE COURT:**  Mr. DePine, how do you plead to Count Two?

6          **THE DEFENDANT:**  Guilty.

7          **THE COURT:**  And to Count Four?

8          **THE DEFENDANT:**  Guilty as well.

9          **THE COURT:**  All right.  Thank you.  You may be seated.

10          *[Defendant seated.]*

11          Your guilty pleas are accepted and they're entered

12   into the record.

13          The formal adjudication of guilt will be deferred

14   until the time of your sentencing.  Your sentencing hearing is

15   scheduled for Friday, June 14th, at 3:00 p.m.

16          There will be a presentence investigation that will be

17   conducted by the probation office.  Officer Zach Link is going

18   to be conducting your investigation.  You'll be required to

19   cooperate with the probation office by providing them with

20   information that they need to prepare that report.

21          There's a lot of information that goes into that

22   report, not just about the offenses in the case, but about you

23   and your personal history and characteristics.  In most cases,

24   you're going to be the best source of that personal

25   information, so please do cooperate with Officer Link in that

1    regard.

2              You will reappear here on that date for your

3    sentencing.

4              Anything else from counsel?

5              **MR. GOLDBERG:**  Your Honor, I would make an oral motion

6    that Madam Clerk, with the Court's agreement, provide the

7    sealed supplement to Mr. McGee and to myself so we have it for

8    purposes of our records.

9              **THE COURT:**  All right, we could do that certainly.

10             **MR. GOLDBERG:**  Thank you, Your Honor.

11             **THE COURT:**  Anything else, Mr. McGee, from you all?

12             **MR. MCGEE:**  No, Your Honor.

13             **THE COURT:**  All right.  Thank you.

14             Mr. DePine, I will see you back here at the time of

15   your sentencing in June.

16             The Court will be in recess.

17                  *(Proceedings concluded at 9:25 a.m.)*

18                  --------------------

19   *I certify that the foregoing is a correct transcript from the*
     *record of proceedings in the above-entitled matter.  Any*
20   *redaction of personal data identifiers pursuant to the Judicial*
     *Conference Policy on Privacy are noted within the transcript.*

21

22    *s/Donna L. Boland*                      *10-25-2019*
      *Donna L. Boland, RPR, FCRR*            *Date*
23    *Official Court Reporter*

24

25